SIMON GUPTILL and others *vs.* HALSEY H. RICHARDSON.

*Intoxicating liquors. Officer justified only in executing warrant issued by competent authority. Pleading.*

It is only a precept which appears upon its face to have been issued by competent authority that affords a justification to the officer who executes it.

The clerk of the Municipal Court of the city of Lewiston is authorized, by Special Laws of 1872, *c.* 177, § 1, item *sixth,* to perform all the duties and exercise all the powers of the judge in the transaction of criminal business, only when the judge is engaged in civil business, or absent from the courtroom; therefore, a precept issued by such clerk, directing the seizure of liquors, is a sufficient justification to the proper officer serving it, only when it recites the fact of the absence of the judge from the court room, or that he is engaged in the transaction of civil business.

It is not enough to say merely that the judge is "busy in court."

The R. S., c. 27, § 22, as amended by Public Laws of 1872, c. 63, declare that cider is intoxicating within the meaning of that chapter. It is only when sold or kept for sale, in an unadulterated state, by the maker, that its sale is permitted by the twenty-fifth section of that chapter, as amended. It is not necessary, therefore, to justify the taking of cider, that the precept directing its seizure should aver that it was adulterated, or that it was kept for sale by some person other than the manufacturer; but it is for the defendant to show that it was lawfully kept, if intended for sale.

Only those liquors are brought within the jurisdiction of the court for condemnation, which are originally seized in a lawful manner. Hence, an officer cannot defend himself against a suit for illegally taking liquors, upon an insufficient warrant, by showing that they were subsequently libelled and the forfeiture of them declared, if these proceedings were initiated by such defective warrant.

If the complaint and warrant are upon one piece of paper, and it is stated in the former that the judge of that court is absent from the court room, it is not necessary to repeat that averment in the warrant, which refers to the complaint, in order to have the authority of the clerk to issue the warrant sufficiently apparent to justify an officer in executing it.

It is the duty of the magistrate with whom the libel is filed, to cause notices thereof to be posted, as provided by law. No neglect of this duty by the magistrate can render the officer who files the libel, liable as a trespasser *ab initio.* The latter has performed his duty in this respect when he has seasonably filed the libel.

Such libel can not properly be filed with the clerk of the Municipal Court of the city of Lewiston, unless the judge is either absent from the court room, or is engaged in the transaction of civil business; and unless one of these facts appear in the libel, it will be fatally defective, and will afford no protection to the officer filing it.

ON REPORT.

TRESPASS for taking and carrying away sixteen casks of cider, a pitcher, tunnel, jar, gallon measure, tumblers, faucets and strainer. The defendant admitted the taking, and justified as city marshal and a constable of Lewiston, acting under five warrants, purporting to issue out of the Municipal Court of the city of Lewiston, upon which he seized the above named articles, on the ground that they were the same specified in the complaints upon which these warrants issued ; and that he proceeded in libelling these articles, before that court, in the manner provided by law, and they were adjudged forfeit by said court under the provisions of the twenty-seventh chapter of the Revised Statutes of this State. In these processes the cider was described as the property of George H. Ward, who was called as a witness by the plaintiffs, and testified that it was in fact their property which he was hired by the day to sell for them, having no interest in it himself, and his compensation in no wise depending upon the amount sold, but being absolutely fixed at two dollars a day and expenses, whether he sold more or less.

The plaintiffs, testifying in their own behalf, made the same statement, and said that the cider was unadulterated, was made by them from apples gathered in their own orchards, was owned by them jointly, and was worth eighty cents a gallon when taken. The casks were forwarded on four different days, the last and largest lot (nine casks) being shipped from Belgrade on the twentieth day of July, 1872, and seized the same day in Lewiston, on their arrival at the depot there, upon a warrant dated the nineteenth day of July, 1872.

The Municipal Court of the city of Lewiston was established by Special Laws of 1871, c. 636. By the thirteenth section of that act, the judge was authorized to appoint a recorder to be paid by him, and act for him in the discharge of judicial functions "in case of absence from the court room, or sickness of the judge, or when the office of judge shall be vacant," * * * * "and the signature of the recorder as such, shall be sufficient evidence of his

right to act instead of the judge." The next year this act was amended in many particulars by Special Laws of 1872, c. 177; among others, by striking out section thirteen, as it originally stood, and substituting a new section, providing for a clerk instead of a recorder, as follows: "Sect. 13. Said clerk shall record the doings of said court, may administer oaths, and shall have such powers and perform such duties as are possessed and performed by the clerks of the Supreme Judicial Court. Whenever said judge shall be engaged in the transaction of civil business, or be absent from the court room, said clerk shall have and exercise the same powers, and perform the same duties which said judge possesses, and is authorized to perform in the transaction of criminal business. All processes issued by said clerk in criminal matters, shall bear the seal of said court, and be signed by said clerk, and have the same authority as if issued and signed by said judge."

The first of the five warrants under which the defendant justified, was issued July 10, 1872, by the clerk of said court, saying, "the judge being busy in court;" but the libel of the casks and keg of cider taken upon this warrant was filed the same day with the judge.

Upon the following day, July 11, 1872, the second warrant was issued by the judge, on complaint made to him; but the two barrels of cider seized by virtue of this precept were, upon the same day, libelled before Everett A. Nash, clerk of said court, "the judge being occupied in court."

The third complaint was made to the judge, and the warrant issued by him July 17, 1872, and the two barrels of cider, tumblers, jar and other articles before mentioned, seized thereon, were all libelled before the judge on the same day.

The fourth complaint, made July 18, 1872, to the clerk, recited that the judge was absent from the court room, but this statement was not repeated in the warrant which was printed upon the same paper with and below the complaint, in the customary form, and it was "expressly referred to as a part of this warrant." The two barrels of cider taken under this precept, were libelled the same day before the judge.

The fifth and last of this series of complaints was made July 19, 1872, to the judge, who issued the warrant of that date upon which nine casks of cider were seized on the following day, (July 20, 1872,) they having left Belgrade that day, and being in that town, in the county of Kennebec, at the time the warrant on which they were taken, was issued. July 22, 1872, these nine barrels were libelled before the clerk, "the judge of said court being busy in court."

At the return day of these several libels a forfeiture of the property named in them respectively, was decreed, no claimant appearing.

The complaints (except the second, which issued specifically against the cider already seized without warrant,) all contained simply the ordinary averment, that "intoxicating liquors" were unlawfully kept and deposited for illegal sale in the places designated, the kind of liquor not being stated; and the libels merely described it as cider, without saying it was adulterated or kept for sale by some person other than the maker.

*Baker & Baker*, for the plaintiffs.

Upon the facts as proved, this cider was clearly exempt from seizure under the existing statutes. R. S., c. 27, § 25, as amended by Public Laws of 1872, c. 63, § 2. The warrants on which it was taken can not protect the officer unless they show the jurisdictional facts necessary to sustain them, since they issue from an inferior court. *The Marshalsea*, 10 Coke, 76; *Peacock v. Bell*, 1 Saunders, 75; *Piper v. Pearson*, 2 Gray, 120; *Hardcastle v. State*, 3 Dutch, (N. J.,) 552; *Carrett v. Morley*, 1 Q. B., 18; *Gurney v. Tufts*, 37 Maine, 133.

The first complaint and the second and fifth libels were to the clerk for the alleged reason that the judge was "busy in court;" but what court, and how engaged therein, does not appear. This is not sufficient to justify the action of the officer under these precepts. *Brooks v. Adams*, 11 Pick., 442; *State v. McGrath*, 31 Maine, 469. And even this statement does not appear in the warrants themselves.

Only those liquors can be libelled that are held upon sufficient warrants. 1 Greenlf. on Ev., § 541 ; *State v. Robinson*, 33 Maine, 564 ; *Rose v. Himely*, 4 Cranch, 241 ; *Sawyer v. Ins. Co.*, 12 Mass., 291 ; *Fisher v. McGerr*, 1 Gray, 47 ; *Ewings v. Walker*, 9 Gray, 97.

The monitions were not seasonably posted, nor are the municipal court room and the city marshal's office "public places" within the meaning and intent of the law.

The first libel was filed with the judge though the clerk issued the warrant. *State v. Miller*, 48 Maine, 581. The second warrant, issued against cider already seized, does not show that it is so situated as to be liable to forfeiture ; i. e., that it is adulterated, or kept for sale by some person other than the maker. The fifth warrant was issued July nineteenth on complaint then made that, on that day, "intoxicating liquors were and still are" kept and deposited by Geo. H. Ward, "in the Maine Central R. R. Co.'s depot" in Lewiston. These nine barrels were then in Belgrade, and did not leave there till the next day. Hence, they could not contain the liquors mentioned in the warrant. *Arthur v. Flanders*, 10 Gray, 107. They were libelled before the clerk simply because the judge "was busy in court."

*A. D. Cornish*, for the defendant.

The warrants are the officer's protection. *Gray v. Kimball*, 42 Maine, 269 ; *Seekins v. Goodale*, 61 Maine, 400 ; *Nowell v. Tripp, Id.*, 426.

All this property was libelled and a forfeiture decreed. That decree is a bar to this suit. *State v. Bartlett*, 47 Maine, 396.

DANFORTH, J. This is an action of trespass to recover the value of a quantity of cider, and the vessels in which it was contained, alleged to have been illegally seized by the defendant, as marshal and constable of the city of Lewiston. It comes before us upon a report of the testimony, from which we learn that the cider was the property of the plaintiffs, of their own manufacture, unadul-

terated, intended for sale by themselves, and at the time of taking was in the possession of one George H. Ward, who was selling the same as their servant. There are in the writ five counts setting out as many distinct and separate trespasses; all of which were in the month of July, 1872. As the law then was, cider under these circumstances was not liable to forfeiture, though it was, as a general rule, classed among intoxicating liquors, and as such, forbidden. By the R. S., c. 27, § 22, amended by the act of 1872, c. 63, § 2, cider is declared to be "intoxicating" within the meaning of that chapter. By the same act, as amended by said c. 63, § 3, "The provisions of this chapter shall not extend to the manufacture and sale of unadulterated cider by the manufacturer." The taking, as alleged, is not denied, but justified under and by virtue of five different warrants, issued from the Municipal Court of the city of Lewiston, or the clerk thereof, and a decree of forfeiture passed by said court.

Copies of the different warrants under which the defendant and his servants or deputies acted, with copies of the several libels filed in pursuance of said warrants, are in evidence, and it is conceded that in each case a decree of forfeiture was passed by the court, no one appearing as claimant.

Upon these facts the only question raised is whether these several processes were sufficient to justify the officer in making the seizures.

The first objection is a general one and lies to all of them equally. All the warrants with one exception, not material to be noticed, were issued upon complaints against "intoxicating liquors" deposited in certain places therein described, "for the purpose of sale * * * in this State contrary to law." Such a complaint and warrant it is said does not authorize the seizure of cider situated as this was, because by the statute referred to, it was not intoxicating liquor and was not subject to forfeiture. If under the law it were not to be considered as intoxicating liquor, the objection would be well founded. But that it was not liable to forfeiture would not excuse the officer for disobedience to his precept.

Guptill *v.* Richardson.

Whether it was or was not thus liable, must depend upon the testimony introduced in the subsequent judicial investigation and the judgment of the court thereon, and was not a matter upon which the officer would have any authority to adjudicate. Was it then to be considered as "intoxicating liquors" as described in the warrants? The statute in the enacting clause so says, without any qualification or modification whatever. It is only in a subsequent and distinct clause that it is excepted from or taken out of the provision of the law. It is not cider as such or any modification of it, that is exempted, but it is only cider that is manufactured and sold by the same person. It is not a difference that can be ascertained by an examination of the article itself, which is the only means within the province of the officer, but must depend upon extrinsic testimony which is for the court alone. In all cases under the law it is to be considered an "intoxicating liquor," and the prohibition is removed from it not on account of any inherent change in its nature, but by a change of external circumstances.

Perhaps this will appear more clearly by stating the objection in another form. If valid, it would be necessary to negative the exception made by the statute in the complaint. But the rules of pleading either in civil or criminal cases, do not require this. When the exception is in the enacting clause, it must be negatived in the complaint, because it then modifies the prohibited act, or in other words it is a part of, and necessary to, a full description of the offence; but when the exception is in a subsequent clause, it is not descriptive of the offence; it in no way modifies or changes the nature of the act prohibited, but under certain circumstances excuses that which is otherwise forbidden. In the latter case the exception need not be negatived but is a matter of pleading and proof on the part of the defendant. The rule in many of the books is thus stated, viz: "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but if there be an exception in a subsequent clause, or a subsequent statute, that is a matter of defence, and is to be shown by the other party."

This principle is more fully illustrated in *Commonwealth v. Hart*, 11 Cush., 130, a case very much in point. *State v. Gurney*, 37 Maine, 149 ; *Commonwealth v. Edwards*, 12 Cush., 187 ; *Commonwealth v. Fitchburg Railroad Co.*, 10 Allen, 189 ; *State v. Robinson*, 33 Maine, 564 ; *State v. Keene*, 34 Maine, 500.

In *Commonwealth v. Edwards*, the objection to the complaint was substantially the same as that we are now considering. Shaw, C. J., there says: "It was objected, that the complaint does not aver that the liquors kept and intended to be sold, were not cider or wine kept for special purposes, which were authorized and excepted by the statute. But this is a matter of exception, not part of the description of the offence, but matter of defence and therefore need not be negatived." It is clear then that the form of the complaints in the warrants under consideration was sufficient to hold the cider to answer ; it must, therefore, necessarily be sufficient, to authorize the officer to make the seizures.

Many objections are however raised to each of these warrants and the proceedings under them, which it is necessary to examine, as they cannot be a justification to the officer unless issued by a court or magistrate of competent jurisdiction, which must appear upon the face of the process. No presumption can be made in favor of a precept coming from a tribunal of limited jurisdiction.

I. The warrant of July 10, was signed by Everett A. Nash, clerk, and issued upon a complaint on oath made before him as clerk of the Municipal Court for the city of Lewiston. By R. S., c. 27, § 35, such complaints may be made on oath or affirmation "before any judge of any municipal or police court or trial justice." By this act all complaints in the Municipal Court of Lewiston must be made before the judge and the oath must be administered and warrant signed by him. The only law transferring this or any of the duties of the judge to the clerk is found in the Special Laws of 1872, c. 177. By the sixth clause of section 1 of that chapter, the act establishing the Municipal Court in the city of Lewiston is amended so as to transfer the duties of the judge in relation to criminal business to the clerk "whenever the said judge

Guptill v. Richardson.

shall be engaged in the transaction of civil business, or be absent from the court room." It does not appear that in relation to this complaint or warrant either of these contingencies had occurred. The only allegation tending to show the authority of the clerk to act in this respect is that in the complaint viz. "the judge being busy in court." This asserts neither of the conditions under which the clerk may act, and it results that this warrant was unauthorized and void, and can afford no excuse for the acts of the officer under it.

But it is claimed that the subsequent decree of forfeiture remedies this error. This might be true if the court making the decree had acquired jurisdiction and the judgment had been valid. The very foundation of the judgment of forfeiture is a legal seizure, until this is had no further proceedings are authorized. The same officer who takes the intoxicating liquor, is required immediately to file his libel. But until it is taken under a legal warrant he cannot proceed. Both the seizure and the libel were illegal and no subsequent proceeding of the court can relieve the officer from his liablity therefor.

II. The second warrant, that of July 11, was issued to cover a seizure of liquors made the day previous. No objection is made of unreasonable delay in procuring the warrant or to the jurisdiction of the court. The objection to its form, that it does not negative the exception in the statute as to cider, is untenable as we have seen. It would therefore seem to be sufficient. It was served and the subsequent libel filed by E. R. Noble, a constable of Lewiston. It is, however, admitted that whatever was done in this respect, was under the direction of the defendant and for the purposes of this trial, as is conceded, the responsibility rests upon him. Upon the service of a legal warrant and the seizure of liquors thereby, the statute, § 36, makes it the duty of the officer immediately "to libel the liquors and vessels so seized by him, by filing with the magistrate before whom such warrant is returnable a libel against such liquors and vessels, &c." This duty, thus imposed, seems to have been neglected. True, a libel was filed, but instead of being filed with the court or magistrate before whom the war-

rant was returnable, it was filed with the clerk, with nothing whatever to show his authority for receiving it, except the allegation, "the judge being occupied in court." This, as already seen, was insufficient and the act is therefore void. An omission to perform an act imposed by a legal process, is often just as fatal as a wrong doing of it. An abuse of legal process will take from the officer all protection which it might otherwise afford him. "An officer who seizes property by authority of law, must show that he has done all that is required of him, in order to complete and fulfil the duty imposed on him, by virtue of which he was authorized to act; otherwise he becomes a trespasser *ab initio.*" *Kent v. Willey,* 11 Gray, 373; *Russell v. Hanscomb,* 15 Gray, 166.

III. The warrant of July 17, so far as appears is sufficient and the libel required seems to have been duly filed before the proper magistrate. The only objection, not already held invalid, is as to the sufficiency of the notice upon the libel. Whether the notice was, or was not, posted in two places sufficiently public to answer the requirements of the law we do not deem it necessary now to decide. This action is against the officer for a wrong in seizing the liquors. His duty, except to keep them till the final decree, ceased upon filing the libel. It then became the duty of the magistrate to give the proper notice "by causing a true and attested copy of said libel and monition to be posted in two public and conspicuous places," &c. If there is a failure in this respect, the defendant does not appear in any way to be responsible therefor. He seems to have done all that was incumbent upon him in respect to this seizure to have had a valid warrant for what was done by him in relation to the liquors and the vessels containing them. Some other things were seized as appears by the testimony, which were not covered by the warrant. But for these he is not liable in this action as they were taken from the possession of Ward and it does not appear from any testimony in the case that they were the property of the plaintiffs.

IV. The complaint of July 18, was received by the clerk and the warrant issued by him. In this complaint we find the allega-

tion, "the judge being absent from the court room." This being in the language of the statute is sufficient authority for the action of the clerk in this matter. It is, however, claimed that the same allegation should appear in the warrant. We do not deem this necessary. The warrant refers to the complaint, whereby they become one and the same instrument. The whole must be considered as one transaction and founded upon the allegation of the judge's absence from court, and therefore a valid and sufficient process.

In addition to other objections to the libel already considered, it is claimed that it was not filed with the magistrate before whom the warrant was returnable. This objection seems to have no foundation in fact. It is true, as suggested, that the warrant was issued by the clerk, but it was returnable before the court, where the libel was filed. We therefore hold this a sufficient justification for the acts done under it.

V. The warrant of July 19, seems to have been properly issued and sufficient in form, but it is claimed that the testimony shows that the liquor taken under it was not in the place therein described, till the day after it was issued, and therefore the liquor taken cannot be the same as that against which the process was issued. This objection seems to be well founded in fact, but we are hardly prepared to say it would take from the officer all protection for acts innocently done by virtue of it. He was commanded to search the place described, and seize such intoxicating liquors as he might find there. In the honest execution of his duty, it would seem a little hard to require him at his peril, to settle the question as to whether the liquors came there before or after the warrant was issued. We do not however find it necessary to decide this question. The libel is fatally defective, as it was filed with the clerk, and no sufficient authority shown for him to receive it. Therefore for reasons already given, this omission of the officer to file the libel before the proper magistrate, withdraws such protection from him, as the warrant might otherwise have afforded.

The result is, that for the alleged trespass of the defendant in the service of the third and fourth warrants, respectively dated July 17 and 18, he is not liable; for the seizures under the first, second and fifth, dated respectively July 10, 11 and 19, the defendant is liable. The testimony shows that under these warrants, were wrongfully taken, and for which the defendant is liable, twelve casks, in all containing four hundred and ninety-seven gallons of cider, the value of which at the time it was taken, as we gather from the testimony, was two hundred and ninety dollars. For this amount, and for such further sums as shall be equal to interest thereon from July 20, 1872, the plaintiffs are entitled to judgment.                    *Judgment for the plaintiffs for $290, and interest from July 20, 1872, to the time of the rendition of judgment.*

APPLETON, C. J., DICKERSON, BARROWS and VIRGIN, JJ., concurred.